# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID J. RIDDELL,**

      **Plaintiff,**

**v.**                                           **Case No:   6:16-cv-617-Orl-18GJK**

**STATE OF FLORIDA,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the undersigned *sua sponte*. On April 11, 2016, Plaintiff, who is proceeding *pro se*, filed a complaint (the "Complaint") against Defendant. Doc. No. 1. The Complaint is not a model of clarity, but it is clear Plaintiff resides in Sumter County and he filed this suit as a result of events that occurred in Sumter County, particularly in the Fifth Judicial Circuit Court of Florida, in and for Sumter County. *Id*. at 1, 6-7, 13. Sumter County is in the Ocala Division of the Middle District of Florida, not the Orlando Division, where the case was filed. Local Rule 1.02(b)(2).[1] Local Rule 1.02(c) provides: "All civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." Local Rule 1.02(c). Upon review of the Complaint, the undersigned finds Sumter County is the county with the greatest nexus with this case, and thus the case should be transferred to the Ocala Division. *See* Local Rule 1.02(e) ("The Court may, within

---

[1] The Orlando Division consists of the following counties: Brevard, Orange, Osceola, Seminole, and Volusia. Local Rule 1.02(b)(3).

its discretion . . . order that any case, civil or criminal, be transferred from one Division to any other Division for trial[.]").[2]

Accordingly, it is **RECOMMENDED** that:

1. This case be **TRANSFERRED** to the United States District Court, Middle District of Florida, Ocala Division, for all further proceedings; and

2. The Clerk be directed to immediately transfer this case to the United States District Court, Middle District of Florida, Ocala Division.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 16, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] In fact, it appears none of the events at issue in this case have any nexus to the counties covered by the Orlando Division.